IN THE UNITED STATES DISTRIC COURT
FOR THE NOTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **GWENDOLYN WRIGHT, AS AN HEIR OF** § <br> **THE ESTATE OF ELLEAN SMITH** § <br> § <br> **Plaintiffs,** § <br> § <br> **V.** § <br> § <br> **SEATTLE BANK** § <br> § <br> **Defendant(s).** § | | **Civil Action No. 4:22-cv-00072** |

**PLAINTIFF'S THIRD AMENDED PETITION, NOTICE OF AUTOMATIC STAY UNDER RULE 736, APPLICATION FOR TEMPORARY RESTRAINING ORDER, AND FOR INJUNCTIVE RELIEF**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Gwendolyn Wright, as an Heir of The Estate of Ellean Smith, ("Plaintiff(s)"), and serves this, the Original Petition against Defendant(s), Seattle Bank ("Defendant(s)"), and in support thereof, would respectfully show the Court as follows:

I.
Discovery Level

1. Discovery of this matter shall be conducted pursuant to Level 3 pursuant to Rule 190.4 of the Texas Rules of Civil Procedure.

II.
Parties

2. Gwendolyn Wright, as an Heir of The Estate of Ellean Smith may receive all correspondence and filings via their attorney of record herein.

3. Defendant Seattle Bank, is a mortgage lending and servicing corporation and is located at C/O Reverse Mortgage Solutions Inc., 14405 Walters Road, Suite 200, Houston, TX 77014. Defendant regularly does business in Texas. **Defendant may be served with their registered**

**agent CAPITOL CORPORATE SERVICES, INC. 206 E. 9TH ST., STE. 1300 AUSTIN, TX 78701.**

### III.
### Venue

4. Venue is proper in Tarrant County, Texas, as that all or a substantial part of the events or omissions giving rise to the claim occurred in Tarrant County, Texas and it involves real property located in Tarrant County, Texas.  Tex. Civ. Prac. & Rem. Code §15.002(a) and §15.011.

### IV.
### Facts

5. Ellean Smith purchased the property located at 4913 South Hughes Avenue, Fort Worth, TX 76119 with Lawrence Smith in 1968 from the department of Housing and Urban Development. See attached true and correct copy of the Warranty Deed as **EXHIBIT A**.

6. The current owners are the surviving heirs of Ellean Smith, being represented in this case through Ellean Smith's daughter, Gwendolyn Wright, who's affidavit is attached hereto.

7. Many years after the 1968 purchase, in 2007, Ellean Smith found herself in need of a loan and decided that a reverse mortgage against this long time family home would be the best option for her.

8. Then, in 2012, Ellean Smith was in need of continuous medical care, and so moved into a nursing home, at which time Gwendolyn's brother and his x-girlfriend (and her son) moved into Ellean's home.

9. Then, in January of 2020, Ellean Smith passed away.

10. Shortly after that, Gwendolyn's brother moved out of the house and now lives in Houston.

11. However, his x-girlfriend decided to stay in the house along with her son. She now claims that the house is hers even though no one gifted or sold it to her.

12. The heirs of Ellean Smith's estate hadn't known what to do about getting the x-girlfriend out of the house, but found out that they can now sell the house and let the buyer deal with the x-girlfriend squatter, rather than lose the house and the equity in it to foreclosure.

13. The February 1st, 2022 scheduled substitute trustee sale of the Property (the "Substitute Trustee Sale") is unlawful because no notice of default and opportunity to cure, notice of lawsuit to foreclose on the reverse mortgage, notice of default on a lawsuit, or notice of substitute trustee sale was sent to or received by Ellean Smith, or any of her heirs, or their counsel.

14. The currently scheduled sale is also unlawful and should be postponed because the basis of the current lawsuit that was discovered in the court records, cause No. 048-327958-21, is that Ellean Smith no longer occupied the property. However, this claim was waived by Seattle Bank because Ellean Smith moved out of the house and into a nursing home in 2012, and Seattle Bank did not even begin to enforce its rights to foreclosure due to non-owner-occupied status, according to its lawsuit, until 2019.

15. Finally, the February 1st, 2022 substitute trustee sale is unlawful due to impracticability or impossibility of performance because it was impossible/impractical for Ellean Smith to stay in the home, as required by the reverse mortgage contract, due to her health status in 2012, which was unforeseeable when she agreed to the terms of the reverse mortgage in 2007. See attached hereto as **EXHIBIT B** a true and correct of the Reverse Mortgage Deed of Trust.

16. Colonial Savings, F.A. is the original lender.

17. Robert K. Fowler was the original Trustee.

18. The current mortgage holder is Seattle Bank.

19. The current mortgage servicer is Reverse Mortgage Solutions, Inc.

20. The current trustee is AVT Title Services, LLC.

21. According to the Tarrant County CAD, the current value of the property is $128,418.00.

22. The original loan amount was $94,500.00.

23. The current balance owed, according to the lawsuit records located online, is $63.097.66.

24. We therefore should have approximately $65,000.00 in equity in the property.

25. Recently the purported current trustee posted a Substitute Trustee Sale Notice in the Tarrant County Clerk's Office for February 1st, 2022. See attached hereto as **EXHIBIT C** a true and correct copy of Defendant's Notice of Substitute Trustee Sale as it is found recorded on in the Tarrant County Online Foreclosure Records.

26. If the foreclosure is not postponed, the remaining heirs will suffer irreparable harm by losing title to our home and our equity in it.

27. Plaintiff has never before received a temporary restraining order to stop a foreclosure of this home.

28. All the facts stated herein are verified via the attached affidavit of Gwendolyn Wright.

29. In addition to the sworn facts stated herein, a recent development in this case is that Defendant has failed to provide a Payoff after multiple requests made by Plaintiff's, Plaintiff's Counsel, and the buyers of Plaintiff's property. See attached **EXHIBIT D** for Plaintiff's Attorney Affidavit and attached Exhibits evidencing the requests for Payoff and replies received.

V.
Bond

30. Plaintiff requests that the court not set a bond due to the time required to post a bond, the risks of appearing in person to do so during a pandemic, all combined with the imminent threat of the pending foreclosure auction.

VI.
Causes of Action

A.   *Temporary Restraining Order and Injunctive Relief*

31. Defendants, by foreclosing on the Property will cause Plaintiffs to suffer imminent harm and irreparable injury and must be stopped by a temporary restraining order and ultimately a permanent injunction.

32. It is essential that the Court immediately and temporarily restrain Defendants from foreclosing on the Property, scheduled for sale on October 5th, 2021. It is essential that the court act immediately, prior to notice on Defendants and a hearing on the matter, as the date of the foreclosure sale is imminent and no amount of money will adequately compensate Plaintiff for the loss of the Residence.

33. For the reasons stated in this pleading, Plaintiff requests that, after final trial of this matter, the Court permanently enjoin Defendants from continuing to violate Plaintiff's rights by ceasing and desisting all foreclosure activity.

34. As shown by the facts pleaded herein, Plaintiff has a probable right to relief against Defendants because of violations of the Texas Property Code, lack of notice of the 736 foreclosure action and default judgment, waiver of rights, impossibility/impracticability of performance, and failure to provide payoff.

B. *Violations of the Texas Property Code – Letters Regarding Notice of Default and Notice to Cure and Notice of Substitute Trustee Sale Were Not Received or Sent*

35. The power of acceleration is a harsh remedy and calls for close scrutiny. *See Vaughan v. Crown Plumbing & Sewer Serv., Inc., 523 S.W. 2d 72, 75 (Tex. Civ. App. – Houston (1st Dist.) 1975, writ ref'd n.r.e.).* The exercise of the right of acceleration requires two acts: (1) notice of intent to accelerate, and (2) notice of acceleration. *Shumway v. Horizon Credit Corp., 801 S.W.2d 890, 892 (Tex. 1991); and see Holy Cross Church of God in Christ v. Wolf, 44 S.W.3d 562, 569–570 (Tex. 2001).* Both notices must be "clear and unequivocal". *Id. at 893 and 566.* Finally, whether the right of acceleration was exercised is a fact question. *Holy Cross Church of God v. Wolf at 568.*

36. Under Texas Property Code Chapter 51 any debtor who, according to the records of the mortgage servicer, is obligated to pay the debt must be served with a valid and correct written notice of the trustee's sale by certified mail [Tex. Prop. Code § 51.002(b)(3)].

37. Failure to give the required notice is sufficient to cause a court to set aside the foreclosure sale. See Bauder v. Alegria, 480 S.W.3d 92, 98 & n.8 (Tex. App.—Houston [14th Dist.] 2015, no pet.); Shearer v. Allied Live Oak Bank, 758 S.W.2d 940, 942 (Tex. App.—Corpus Christi 1988, writ denied).

38. In the case of a contractual lien on real property used as the debtor's residence, the debtor is entitled to a 20 day window of opportunity to cure any default before the mortgage servicer may provide notice of sale of the residence. *Tex. Prop. Code Sect. 51.002(d).* Accordingly, the mortgage servicer must provide written notice by certified mail stating that the debtor is in default under the deed of trust or other contract lien, and must give the debtor at least 20 days to cure the default before a subsequent notice of sale can be given [*Tex. Prop. Code §*

*51.002(d)*; *Bauder v. Alegria, 480 S.W.3d 92, 97–98 & n.8 (Tex. App.—Houston [14th Dist.] 2015, no pet.)* (when notice to cure and notice of foreclosure were sent to wrong address, trial court properly set aside foreclosure sale)

39. Therefore, because the notice to cure letter and notice of substitute trustee sale was not sent to the Plaintiff or Plaintiff's heirs, according to the Plaintiff's sworn testimony hereto, Plaintiff seeks declaratory relief that Defendant/Lender is not entitled to foreclose and requests that this court grant the request for a Temporary Restraining Order.

C.   *No Notice of Rule 736 Expedited Action or Default Judgment*

40. Neither Ellean Smith, as far as any of her heirs know, nor any of her heirs, received any notice of the Rule 736 Expedited Action for Foreclosure under a Reverse Mortgage, nor did they ever find one at the subject property.

41. Additionally, Ellean Smith and her heirs did not received notice of the Default Judgment ordered under the Rule 736 Expedited Action for Foreclosure, nor did they ever find notice of that Default at the subject property.

42. Notice of the lawsuit is required to be sent out to the subject property, at the very least, under TRCP Rule 736.3 via first class and certified mail.

D.   *Waiver of Right to Foreclosure Based on Grounds Used in Underlying Case*

43. The currently scheduled sale is also unlawful and should be postponed because the basis of the current lawsuit that was discovered in the court records, cause No. 048-327958-21, is that Ellean Smith no longer occupied the property.

44. However, this claim was waived by Seattle Bank because Mrs. Smith moved out of the house and into a nursing home in 2012, and Seattle Bank did not even begin to enforce its rights to foreclosure due to non-owner-occupied status, according to its lawsuit, until 2019.

E.   *Impossibility/Impracticability of Performance*

45. Finally, the February 1st, 2022 substitute trustee sale is unlawful due to supervening impracticability or impossibility of performance because it was impossible/impractical for Ellean Smith to stay in the home, as required by the reverse mortgage contract, due to her health status in 2012, which was unforeseeable when she agreed to the terms of the reverse mortgage in 2007, and which was out of her control to avoid.

E.   *Failure to Provide Payoff*

46. Under the Texas Administrative Code § 155.3, Defendant must provide a payoff to Plaintiff within eight days of Plaintiff's request for a payoff.

47. T.A.C. § 155.2 states there are certain pieces of information required to be in the payoff request, such as the name of the mortgager, the address of the collateral, and the proposed closing date.

48. Before and during each of the several payoff requests made, Defendant knew exactly and had been informed exactly which loan was being discussed and for which loan the payoff request was for as the payoff requests were made via email as a portion of a larger discussion between Plaintiff's representatives and Defendant. See **EXHIBIT D.**

49. To date, no payoff has been provided by Defendant despite Defendant's representatives advising that they had submitted the payoff request to Defendant.

G. *Automatic Stay and Dismissal if Independent Suit Filed*

50. Texas Rules of Civil Procedure 736.11 "Automatic Stay and Dismissal if Independent Suit File" states, in pertinent part, as follows (emphasis added):

    a. "A proceeding or order under this rule is *automatically stayed* if a respondent files a separate, original proceeding in a court of competent jurisdiction that *puts in issue any matter* related to the origination, servicing, or enforcement of the loan agreement, contract, or lien *sought to be foreclosed prior to 5:00 p.m. on the Monday before the scheduled foreclosure sale*."

51. As stated above, Defendant filed its application to foreclose on the underlying subject property of this action in Cause No. 048-327958-21 and was granted an order in the 48th District Court of Tarrant County under Rule 736 to proceed with foreclosure.

52. Respondent, now Plaintiff in this petition, now files this, a separate amended original proceeding in this court, which is a court of competent jurisdiction.

53. This amended petition, as is evidenced from the sworn facts attached, and from the arguments herein, puts in issue matters related to the servicing and enforcement of the contract and loan agreement which is the subject of this litigation and of the Order issued under Rule 736 in Cause No. 048-327958-21.

54. Therefore, as per TRCP 736.11 (a) and (c), the order issued under the above noted cause number, and the resulting foreclosure scheduled to proceed on February 1st, 2022 in Tarrant County must be automatically stayed and, upon prompt notice to the Defendant.

55. Plaintiff humbly notifies Defendants and the Court that an automatic stay is now immediately in effect on the Default Judgment Ordered in Cause No. 048-327958-21 filed in the 48th District Court of Tarrant County and requests the court to issue an order to vacate that judgment upon

prompt notice to the Defendant and a timely filing of a motion and proposed order in the Defendant's Rule 736 case.

## VII.
## Damages

*Attorney's Fees*

56. Based upon the foregoing, Plaintiff requests recovery from Defendants pursuant to Section 37.009 of the Texas Civil Practice and Remedies Code for all costs and reasonable and necessary attorneys' fees incurred herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems necessary and just.

## VIII.
## Conditions Precedent

57. All conditions precedent to Plaintiff's recovery on all claims and damages have been performed or have occurred.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

a. A temporary restraining order be issued without notice to Defendants, restraining each from conducting the foreclosure sale currently scheduled for February 1st, 2022;

b. A temporary injunction be issued, after notice to Defendants and an evidentiary hearing, restraining Defendants from conducting a foreclosure sale during the pendency of this litigation; and

c. A permanent injunction be issued, on final trial of this cause, enjoining Defendants from conducting a foreclosure and thereafter;

d. Compensatory damages be awarded within the jurisdictional limits of the Court;

e.  Pre-judgment and post-judgment interest as provided by law;

f.  Exemplary damages as requested herein or as determined by the Court;

g.  Reasonable attorney's fees;

h.  Costs of suit; and

i.  Such other and further relief, both general and special, to which Plaintiff may be justly entitled, whether at law or in equity.

Respectfully submitted,

LAW OFFICES OF Ryan Daniel

By: /s/ Ryan Daniel
Ryan Daniel
State Bar No. 24090604
1525 US Hwy 380, Suite 500 #102
Frisco, TX 75033
ryan@ryandaniellaw.com
(469)-688-0621
**ATTORNEY FOR PLAINTIFF**

### CERTIFICATE CONFERENCE BY COUNSEL

By his signature below, the undersigned counsel represents that Defendants are represented by counsel in the matter made the basis of this suit, and in addition to being in frequent contact regarding this matter with opposing counsel, Defendant's law firm, Mackie Wolf Zientz & Mann, P.C. has been notified of this application and proposed Temporary Restraining Order at least 2 hours prior to Plaintiffs presenting this application and proposed order before the Court via e-mail. Defendant's counsel wishes to appear if a hearing is conducted in regard to the requested TRO.

Furthermore, over the past several days, since the filing of the Original Petition, undersigned counsel has been in contact with Defendant's counsel to attempt to obtain another

voluntary delay of the pending foreclosure auction so that Plaintiff may complete the sale and closing of the inherited property within the next two weeks.  As of the filing of this Third Amended Petition and Certificate of Conference, Defendant's counsel had last updated the undersigned counsel, via email, that they had not yet received a response from their client giving them authorization to pull the foreclosure, despite the request being put in on January 26th, 2022.

Circumstances do not permit additional efforts to give notice.

    /s/ Ryan Daniel
Ryan Daniel, Attorney at Law, PLLC

Cause No. _____

| | | |
|---|---|---|
| THE ESTATE OF ELLEAN SMITH, | § § | IN THE _____ COURT |
| Plaintiffs, | § § | |
| V. | § § | _____ OF |
| SEATTLE BANK | § § | |
| Defendant(s). | § § § | TARRANT COUNTY, TEXAS |

**<u>AFFIDAVIT OF GWENDOLYN WRIGHT</u>**

STATE OF TEXAS        §
                      §
COUNTY OF TARRANT     §

1. My name is Gwendolyn Wright; I am over eighteen (18) years of age, of sound mind and are fully competent to make this Affidavit. I have personal knowledge of the facts stated herein. I understand that I can be held criminally responsible if I lie in this statement. This statement is true.

2. I am an heir and daughter of Ellean Smith, and upon her death on January 5th, 2020, I became an owner of the property located at 4913 South Hughes Avenue, Fort Worth, TX 76119 ("Property").

3. Ellean Smith purchased this property with Lawrence Smith in 1968 from the department of Housing and Urban Development.

4. Many years later, in 2007, Ellean Smith found herself in need of a loan and decided that a reverse mortgage against this long time family home would be the best option for her to get one.

5. Then, in 2012, my mother, Ellean Smith, was in need of continuous medical care, and so moved into a nursing home, at which time my brother and his x-girlfriend (and her son) moved into my mother's home.

6. Then, in January of 2020, my mother passed away.

7. Shortly after that, my brother moved out of the house and now lives in Houston.

8. However, his x-girlfriend decided to stay in the house along with her son. She now claims that the house is hers even though no one gifted or sold it to her.

9. We hadn't known what to do about getting her out of the house, but it seems that we can now sell the house and let the buyer deal with the x-girlfriend squatter, rather than lose the house and the equity in it to foreclosure.

10. The January 4th, 2022 scheduled substitute trustee sale of the Property (the "Substitute Trustee Sale") is unlawful because no notice of default and opportunity to cure, notice of lawsuit to foreclose on the reverse mortgage, notice of default on a lawsuit, or notice of substitute trustee sale was sent to or received by my mother, Ellean Smith, or any of her heirs, including myself.

11. The currently scheduled sale is also unlawful and should be postponed because the basis of the current lawsuit that was discovered in the court records, cause No. 048-327958-21, is that my mother no longer occupied the property. However, it is my contention that this claim was waived by Seattle Bank because my mother moved out of the house and into a nursing home in 2012, and Seattle Bank did not even begin to enforce its rights to foreclosure due to non-owner-occupied status, according to it's lawsuit, until 2019.

12. Finally, the January 4th, 2022 substitute trustee sale is unlawful due to impracticability or impossibility of performance because it was impossible/impractical for my mother to stay in the home, as required by the reverse mortgage contract, due to her health status in 2012, which was unforeseeable when she agreed to the terms of the reverse mortgage in 2007.

13. Colonial Savings, F.A. is the original lender.

14. Robert K. Fowler was the original Trustee.

15. The current mortgage holder is Seattle Bank.

16. The current mortgage servicer is Reverse Mortgage Solutions, Inc.

17. The current trustee is AVT Title Services, LLC.

18. According to the Tarrant County CAD, the current value of the property is $128,418.00.

19. The original loan amount was $94,500.00.

20. The current balance owed, according to the lawsuit records located online, is $63.097.66.

21. We therefore should have approximately $65,000.00 in equity in the property.

22. Recently the purported current trustee posted a Substitute Trustee Sale Notice in the Tarrant County Clerk's Office for January 4th, 2022.

23. If the foreclosure is not postponed, the remaining heirs and I will suffer irreparable harm by losing title to our home and our equity in it.

24. I have never before applied for a temporary restraining order to stop a foreclosure of this home.

**VERFICATION UNDER CPRC 132.001**

My name is Gwendolyn Wright. My date of birth is 12/26/1949 and my address is 544 Destin Dr Fort Worth.

I declare under penalty of perjury that the facts stated herein are true and correct.

Signed on January 2, 2022 in Tarrant County, Texas.

Signature: *Gwendolyn Wright*
Gwendolyn Wright (Jan 2, 2022 19:02 CST)

3