IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| GWENDOLYN WRIGHT, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No.  4:22-cv-00072-O |
| § | |
| SEATTLE BANK, § | |
| § | |
| Defendant. § | |

## ORDER

Before the Court is Defendant Seattle Bank's Motion to Dismiss (ECF No. 11), Brief in Support (ECF No. 12), and Appendix (ECF No. 13), filed February 8, 2022. Plaintiff Gwendolyn Wright has not responded. For the following reasons, the Court **DISMISSES WITHOUT PREJUDICE** Wright's case for failure to prosecute.

### I.     BACKGROUND

This is a case involving the foreclosure of decedent Ellean Smith's home. Her daughter, Plaintiff Gwendolyn Wright, sued Defendant Seattle Bank, the mortgage holder on the property. On January 31, 2022, Seattle Bank removed to this Court. ECF No. 1. The pleadings below included Wright's motion for temporary restraining order. *Id.* This Court ordered response and ultimately denied Wright's motion for TRO. ECF No. 10. Eight days later, Seattle Bank filed its motion to dismiss, claiming Wright's causes of action fail because (1) proper notices were provided, and (2) Wright was not entitled to notice because she was not a borrower on the loan. Def.'s Br. 3, No. 12. Northern District of Texas Local Civil Rule 7.1(e) gives an opposing party

1

21 days to respond. Nearly 42 days later, Wright still has not responded to Seattle Bank's motion to dismiss.

## II.     LEGAL STANDARDS

### A. Rule 12(b)(6)

Rule 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted."

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, a court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). A court may not accept legal conclusions

as true, and only a complaint that states a plausible claim for relief will survive a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When well-pleaded factual allegations are present, a court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

### B. Rule 41(b)

Federal Rule of Civil Procedure 41(b) allows the Court to "dismiss the action or any claim against" the defendant if "the plaintiff fails to prosecute or to comply with these rules or a court order." "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins.*, 756 F.2d 399, 401 (5th Cir. 1985).

## III. ANALYSIS

Dismissal without prejudice under Rule 41(b) is warranted here. Seattle Bank filed its motion to dismiss on February 8, 2022, and under Local Rule 7.1(e), Wright was required to respond within 21 days—no later than March 1, 2022. Wright never did so. Had she needed additional time to respond, Wright should have filed a motion for extension. This Court routinely grants deadline extensions when good cause is shown. Instead, Wright chose to ignore court deadlines, thereby ignoring her case. Her failure to follow the rules establishing a time for her to respond to the motion to dismiss, and her failure to prosecute her case warrants dismissal.

Further, the Court concludes dismissal without prejudice is the appropriate disposition. Wright has not pleaded sufficient facts to "state a claim to relief that is plausible on its face." *See Twombly*, 550 U.S. at 570. As explained in the Court's denial of TRO, Wright claims that, as an heir, she is entitled to notice of the foreclosure action. Even if this were required, Exhibit C attached to Seattle Bank's Response (ECF No. 9) provides evidence that the Bank mailed notice

to Wright at the Hughes Avenue address. Wright has not shown that she alerted the Bank to a different preferred mailing address.

The Court does not intend to prevent Wright from filing a subsequent suit. But her abandonment of this one means the case cannot continue. *See Davis v. Wells Fargo Home Mortg.*, 2020 WL 5633030, at *1 (N.D. Tex. Sept. 21, 2020).

### IV.   CONCLUSION

Therefore, under Federal Rule of Civil Procedure 41(b), the Court **DISMISSES WITHOUT PREJUDICE** Wright's case against Seattle Bank for failure to prosecute her case.

**SO ORDERED** on this **21st day** of **March, 2022.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE